IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21928-CIV-MOORE/SIMONTON

GARY D. MORIN,

    Plaintiff,

vs.

DAY & ZIMMERMANN NPS, INC.,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (dkt # 45).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.  BACKGROUND**

Plaintiff Gary Morin ("Morin") was employed by Defendant Day & Zimmerman NPS, Inc. ("DZNPS") as a boiler maker and general foreman at Turkey Point Nuclear Power Plant. Turkey Point Nuclear Power Plant is owned by Florida Power and Light Company ("FP&L"). DZNPS supports FP&L with certain maintenance and outage activities at Turkey Point. Morin's duties included heavy rigging, welding and heavy crane operation. On January 27, 2005, Morin was the team leader responsible for unloading a twenty-foot C-container. Before Morin and his crew had completed unloading the container, Cush Revette ("Revette"), Morin's supervisor, instructed Morin to accompany him to look at the next job. Morin objected, indicating that at least three men needed to be present to move the container safely. Revette reported Morin's

refusal to accompany him as insubordination. Morin was subsequently suspended for three days, demoted to journeyman, and was ultimately laid off. Morin filed suit against DZNPS, alleging that his suspension, demotion and termination violated the Florida Whistle-Blower Act (the "FWBA"), § 448.102, Florida Statutes.

## II.   STANDARD OF REVIEW

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. However, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ANALYSIS

To establish a prima facie case under the FWBA, a plaintiff must show that "(1) [he] engaged in statutorily protected expression; (2) [he] suffered an adverse employment action; (3) and [that] a causal link exists between engaging in the protected activity and the adverse employment action. Bunnell v. J.C. Penney Corp., Inc., 07-14215-CIV (KMM), 2008 WL 2074000, at *4 (S.D.Fla. 2008). "Once the prima facie case is established, the employer must proffer a legitimate, non-retaliatory reason for the adverse employment action. The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct." Rice-Lamar v. City of Fort Lauderdale, 853 So.2d 1125, 1133 (Fla. 4th DCA 2003) (quoting Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998).

Morin satisfies the first prong of the test for establishing a prima facie case only if his refusal to accompany Revette constitutes conduct that is statutorily protected under the FWBA. The FWBA states, in relevant part: "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." § 448.102, Fla. Stat. Morin alleges that DZNPS violated the FWBA because Revette's instruction to Morin to accompany him while the C-container was being unloaded violates Procedure No. O-ADM-726 in FP&L's Turkey Point Nuclear Plant Rigging Operations Manual (the "Rigging Procedure"). The Rigging Procedure states that "[t]he Responsible

3

Supervisor/Leader is responsible for . . . being present when critical lifts are made." "Critical lifts" are defined as those in which the load is greater than 10,000 pounds.

Plaintiff's conduct is only statutorily protected if the Rigging Procedure is a "law, rule, or regulation" within the meaning of the FWBA. The FWBA defines a "law, rule, or regulation" as "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business." § 448.101(4), Fla. Stat. The Second District Court of Appeal of Florida has expounded upon the definition of "law, rule, or regulation" by stating:

> A statute is a form of positive law enacted by the legislative branch of government. Similarly, an ordinance is a form of statutory law enacted by a local governmental body, such as a county commission or city council. A regulation is synonymous to a rule enacted pursuant to the administrative law process; a rule or regulation comes into being as a result of a legislative grant of authority to an executive branch department or agency.

Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So.2d 787, 791 (Fla. 2d DCA 2005). In order to qualify as a "law, rule, or regulation" within the meaning of the FWBA, the "law, rule, or regulation" must be promulgated by an non-judicial organ of the state or federal government, such as the legislature, executive department or agency, or a municipal body. Id. Therefore, the Rigging Procedure does not fall within the purview of the FWBA because it was created by FP&L as a procedure attendant to its business operations. As a result, Morin's refusal to accompany Revette while the C-container was being unloaded is not conduct that is statutorily protected within the meaning of the FWBA. Accordingly, Morin's inability to demonstrate that his conduct was statutorily protected prevents him from establishing a prima facie case.

This Court recognizes that the text of the § 448.102 does not specify by whom a "law, rule, or regulation" must be adopted. However, the provision as a whole strongly suggests that

"law, rule, or regulation" only references enactments by a state or federal government, particularly since enactments of laws, statutes or ordinances are universally exercises of sovereign authority. This position is reinforced by the interpretation given to "law, rule, or regulation" and its statutory definition by Florida's appellate courts. *See* <u>Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.</u>, 896 So.2d 787, 791 (Fla. 2d DCA 2005) (finding that Rules Regulating the Florida Bar were not "laws, rules, or regulations" within the meaning of the FWBA); <u>New World Commc'ns of Tampa, Inc. v. Akre</u>, 866 So.2d 1231, 1234 (Fla. 2d DCA 2003) (finding that FCC's unadopted news distortion policy was not a "law, rule, or regulation" within the meaning of the FWBA); <u>Tyson v. Viacom, Inc.</u>, 760 So.2d 276, 277 (Fla. 4th DCA 2000) (finding that injunction by federal district court was not a "law, rule, or regulation" within the meaning of the FWBA); <u>Gillyard v. Delta Health Group, Inc.</u>, 757 So.2d 601, 603 (Fla. 5th DCA 2000) (finding that Florida Governor and county evacuation orders were not "laws, rules, or regulations" within the meaning of the FWBA).

Moreover, even if the Rigging Procedure was a "law, rule or regulation," Revette's instruction to Morin to accompany him while the C-container was being unloaded did not violate the Rigging Procedure. Plaintiff conceded in his deposition testimony that the C-container being unloaded was 7,000 pounds. Morin Dep., at *28-29 (October 19, 2006). Therefore, the C-container was not covered by the Rigging Procedure because it weighed less than 10,000 pounds and was not a "critical lift" as defined by the Rigging Procedure. Despite Plaintiff's admission concerning the actual weight of the C-container, Plaintiff nevertheless contends that the weight of the container is an issue of material fact. Defendant also agrees that the actual weight of the container was 7,000 pounds. Given the agreement of both parties on this issue, there is no issue of material fact concerning the weight of the container. Therefore, even if the Rigging Procedure

5

was a "law, rule or regulation," there was no violation of the Rigging Procedure.

## IV.  CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (dkt # 45) is GRANTED. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of June, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record